**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ELECTROSTIM MEDICAL SERVICES,  §
INC.,                          §
                               §
            Plaintiff,         §
                               §
v.                             §     CIVIL ACTION NO. H-11-2745
                               §
HEALTH CARE SERVICE CORPORATION, §
A MUTUAL LEGAL RESERVE COMPANY, §
                               §
            Defendant.         §

## ORDER

Electrostim Medical Services sued Health Care Service Corporation, a health insurance company that does business in Texas as Blue Cross Blue Shield of Texas, alleging that Blue Cross improperly denied or underpaid thousands of reimbursement claims that Electrostim submitted for providing medical services and products to patients with Blue Cross insurance plans. The court dismissed Electrostim's claims, and the Fifth Circuit affirmed in part, reversed in part, and remanded, *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731 (5th Cir. 2015). After remand, Electrostim filed its third amended complaint, and the court held a hearing and issued a Memorandum and Order identifying deficiencies in that complaint and allowing Electrostim to file another motion for leave to amend with a proposed amended complaint that corrected the deficiencies. (Docket Entry No. 145). Electrostim then filed a motion for leave to file its fourth amended complaint and Blue Cross responded. (Docket Entry Nos. 150, 153).

The court's order established guidelines for Electrostim's new amended complaint. (Docket Entry No. 145). The new complaint was to limit its factual basis to the 8,000 pretermination claims and 273 posttermination claims identified in the Blue Cross spreadsheets incorporated into the

second amended complaint; identify the claims in the Blue Cross spreadsheets that are ERISA claims and those that are non-ERISA claims; limit the factual basis for relief to the non-ERISA claims; clearly identify the claims from the spreadsheets that are rate-of-payment claims that are not foreclosed by the Fifth Circuit opinion; not plead claims under a third-party-beneficiary theory because amendment under that theory would be futile; and on its breach-of-contract claims, plead enough facts, with enough detailed information, to make those claims plausible.

In its proposed amended complaint, Electrostim alleges that it has created new spreadsheets that cross-reference individuals with the claims identified in the Blue Cross spreadsheets. (Docket Entry No. 150, Ex. 1 at p. 4). Electrostim has provided copies of the new spreadsheets to Blue Cross, but it did not file them with the court due to HIPAA restrictions, patient-privacy concerns, and the terms of the court's protective order. Electrostim indicated that it is willing to file the spreadsheets under seal or to provide a separate copy to the court.

Because the new spreadsheets are incorporated by reference in the proposed amended complaint, they are relevant to whether the complaint complies with the court's order and states a plausible claim for relief. Electrostim must file the unredacted spreadsheets under seal and file in the public records a redacted version that removes personal identifiers but is otherwise complete, by September 18, 2017.

SIGNED on September 11, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

2