IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELECTROSTIM MEDICAL SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2745 |
| HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Electrostim Medical Services sued Health Care Service Corporation, a health insurance company that does business in Texas as Blue Cross Blue Shield of Texas, alleging that Blue Cross improperly denied or underpaid thousands of reimbursement claims that Electrostim submitted for providing medical services and products to patients with Blue Cross insurance plans. The court dismissed Electrostim's claims, and the Fifth Circuit affirmed in part, reversed in part, and remanded, *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731 (5th Cir. 2015). After remand, Electrostim filed its third amended complaint, which Blue Cross again challenged. The court held a hearing and issued a Memorandum and Order identifying deficiencies in that complaint and ordering Electrostim to file another motion for leave to amend with a proposed amended complaint addressing the deficiencies. (Docket Entry No. 145). The order stated that if the proposed amended complaint failed to include sufficient allegations to allow a claim to proceed, that claim would be dismissed with prejudice and without leave to amend. Electrostim filed a motion for leave to file its fourth amended complaint, and Blue Cross responded, again seeking

dismissal. (Docket Entry Nos. 150, 153). Electrostim then filed a new, more detailed set of spreadsheets that was incorporated by reference in the proposed fourth amended complaint. (Docket Entry Nos. 155–158).

The motion for leave to amend is granted in part and denied in part. Electrostim must file a fifth amended complaint with spreadsheets that limit the claims at issue to the 8,800 pretermination claims and 273 posttermination claims identified in the spreadsheets incorporated by reference into the second amended complaint. This amended complaint must be filed by September 29, 2017. The court requires counsel and a representative of each party to meet in Houston, in Courtroom 11-B, to exchange more detailed information or to set up a process to develop more detailed information that will allow the parties: to distinguish the ERISA claims from the non-ERISA claims; to identify which claims are based on patient or beneficiary assignments and which are not; to identify claims brought under assignments of the right to sue; and to identify the rate-of-payment claims not foreclosed. This meeting, which will include a status and discovery conference, will be held on **October 9, 2017**. The court will be available throughout the day to address disputes that, after diligent and good-faith efforts, the parties cannot resolve.

The reasons for these rulings are explained below.

**I.     Background**

The court's May 5, 2017 Memorandum and Order included directions to Electrostim to amend its complaint. The amended complaint was to limit its factual basis to the 8,800 pretermination claims and 273 posttermination claims identified in the Blue Cross spreadsheets incorporated into the second amended complaint; the complaint was also to identify the claims in those spreadsheets that are ERISA claims and those that are non-ERISA claims; limit the factual

basis for relief to the non-ERISA claims; identify the claims that are rate-of-payment claims not foreclosed by the Fifth Circuit opinion; not plead claims under a third-party beneficiary theory because those claims fail as a matter of law; provide a representative sample of insurance policies under which Electrostim has been assigned a right to sue on the claims at issue; and plead enough facts to make Electrostim's breach-of-contract claims plausible. (Docket Entry No. 145).

Electrostim's proposed fourth amended complaint asserts three causes of action. The first is that Blue Cross breached the provider agreement by failing to pay, or underpaying, Electrostim for medical services and products it provided to Blue Cross patients. The second is that Electrostim provided covered goods and services to Blue Cross patients on an open account with Blue Cross; that the charges for the goods and services were usual, reasonable, and customary; and that Blue Cross accepted the goods and services but did not pay Electrostim the usual, reasonable, and customary rates. The third, which Electrostim labels a third-party beneficiary claim, is that Electrostim received assignments of benefits from the Blue Cross patients to whom it provided services and products, and that Blue Cross breached the patients' insurance policies when it failed to pay or underpaid Electrostim.

Electrostim argues that it does not believe a motion for leave to amend is required because it has not asserted any new causes of action, and the court has already ruled on the damages it may pursue. (Docket Entry No. 150). Electrostim argues that even if leave to amend is required, leave is warranted because "the case is still in its infancy," and Electrostim has not unduly delayed, has not acted in bad faith or dilatorily, and has not serially amended without success.

Electrostim also argues that its proposed fourth amended complaint complies with the court's prior Memorandum and Order. It argues that the complaint does not seek to assert additional or

different damages than those permitted by the court's prior rulings; that it is "impossible" at this stage for Electrostim to distinguish between its ERISA and non-ERISA claims; that, although it has generally removed the types of claims that are foreclosed by the Fifth Circuit opinion, some foreclosed claims may remain; that the Fifth Circuit opinion allows its third-party beneficiary claim, which, as repleaded, states a claim; and that it has pleaded enough facts to support its breach-of-contract claims.

Blue Cross responds that Electrostim's complaint does not comply with the court's order because it fails to: differentiate between ERISA and non-ERISA claims; identify the rate-of-payment claims that are not foreclosed by the Fifth Circuit opinion; plead a viable third-party-beneficiary cause of action; or plead sufficient facts to make its breach-of-contract or open-account claims plausible. (Docket Entry No. 153). Because of these deficiencies, Blue Cross argues that leave to amend is not warranted and asks the court to dismiss Electrostim's claims, with prejudice.

## II. The Legal Standard

A party may amend its pleading once without seeking the court's leave or the adverse party's consent before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic," *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a Rule 15(a) motion to amend pleadings may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir.1996). A plaintiff should be denied leave to

4

amend a complaint if "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile."). Repeated failure to cure a complaint's deficiencies and futility of amendment are legitimate considerations for denying leave to amend. *Electrostim*, 614 F. App'x at 736 (citing *In re Southmark*, 88 F.3d at 314–15).

### III. Analysis

Electrostim's proposed fourth amended complaint contains some of the same deficiencies identified in the prior Memorandum and Order. Electrostim again has failed to limit the factual basis for its claims to the 8,800 pretermination claims and the 273 posttermination claims identified in the Blue Cross spreadsheets. Instead, seeking to expand the factual scope of the litigation, Electrostim asserts arguments about its spreadsheets of an expanded set of claims, arguments that the court has heard, considered, and rejected. Electrostim has failed to distinguish between its ERISA and non-ERISA claims or to identify the rate-of-payment claims that are not foreclosed by the Fifth Circuit opinion. Finally, Electrostim asserts a third-party beneficiary claim but fails to provide a representative sample of insurance policies assigning it the right to sue.

In its Memorandum and Order, the court ruled, as a threshold matter, that Electrostim's new reimbursement claims, incorporated in the spreadsheets attached to its proposed third amended complaint, could not be added by amendment. Electrostim's proposed fourth amended complaint nonetheless incorporates by reference all of the spreadsheets attached to the third amended complaint. (Docket Entry No. 150-1 at pp. 4–7). Electrostim claims that it "does not seek to assert

5

any additional or different damages than those already permitted by this Court," arguing that those spreadsheets only "delineate Electrostim's damages." (Docket Entry No. 150 at p. 1). The court has already rejected that argument, ruling that allowing all the claims listed in those spreadsheets to proceed would "greatly expand the factual scope of the litigation," and that the new set of spreadsheets, while purporting to describe the reimbursement claims at issue, "adds over 15,200 pretermination claims and over 4,500 posttermination claims to the case." (Docket Entry No. 145 at pp. 4, 12). Electrostim has failed to limit the factual basis for its claims in accordance with the court's order. It must replead using the spreadsheets incorporated into the second amended complaint to set out claims within the limits of the court's order.

To identify which of Electrostim's claims could proceed, the court ordered it to distinguish between the claims in the Blue Cross spreadsheets incorporated into the second amended complaint that are ERISA claims and those that are non-ERISA claims, and to identify the rate-of-payment claims that are not foreclosed by the Fifth Circuit opinion. Electrostim's proposed fourth amended complaint does neither. Electrostim claims that it "was not provided with any information on whether said policies are Non-ERISA or ERISA policies such that it is impossible for EMSI to ascertain which, if any, of the 16 claims / line items are non-ERISA plans and which are ERISA plans." (Docket Entry No. 150-1 at p. 7). It claims that "there are some claims on the spreadsheets which may prove to be unavailable pursuant to the Fifth Circuit opinion," but that it "does not and cannot know whether such claims are properly included until . . . discovery has been conducted." (Docket Entry No. 150 at p. 6). The court accepts that distinguishing between ERISA and non-ERISA claims is difficult, but also recognizes that it is important. Attempting to address it at the pleading stage has proven fruitless and has led to more delay.

The status of Electrostim's "third-party beneficiary" claim is similar. The court ruled that, under the Fifth Circuit opinion, Electrostim "might have a claim for breach of individual patients' insurance plans with Blue Cross. That assumes that Electrostim did receive an assignment of the patients' rights under their insurance policies and can plead an adequate claim for breach of the plan." (Docket Entry No. 145 at p. 15). To the extent Electrostim has received assignments from individual patients under the policies, it is entitled to sue under the assignments. But the court's Memorandum and Order explained that "Electrostim cannot simply allege that it has received an unspecified number of assignments from unspecified persons under unspecified insurance contracts and that Blue Cross's failure to pay a given claim was a breach of some contract for some unspecified reason." (*Id.*). The court instructed Electrostim to provide a representative sample of the policies under which it was assigned a right to sue, identify the policy terms that Blue Cross breached, and explain how Blue Cross breached.

Electrostim has asserted a "third-party beneficiary" claim by alleging that it "received an assignment of benefits from all patients/insureds for those claims at issue herein." (Docket Entry No. 150-1 at p. 11). Electrostim again argues that it is "not able to provide a representative sample of the insurance policies since those policies were never provided to EMSI by either the patient or BCBSTX." (*Id.*). Again, the pleading stage has not proven a useful way to address or resolve the issue.

A different case-management approach is required. The court requires counsel and a representative of each party to meet in Houston, in Courtroom 11-B, to exchange more detailed information or to set up a process to develop more detailed information that will allow the parties: to distinguish the ERISA claims from the non-ERISA claims; to identify which claims are based on

7

patient or beneficiary assignments and which are not; to identify claims brought under assignments of the right to sue; and to identify the rate-of-payment claims not foreclosed. This meeting, which will include a status and discovery conference, will be held on **October 9, 2017**. The court will be available throughout the day to address disputes that, after diligent and good-faith efforts, the parties cannot resolve.

The motion for leave to amend is denied in part. Electrostim must file a fifth amended complaint with revised spreadsheets limited to the 8,800 pretermination claims and the 273 posttermination claims. The motion is otherwise granted at this time. The substantive challenges to Electrostim's claims may be raised on a fuller record at a later stage in the litigation.

**IV.     Conclusion**

The motion for leave to amend, (Docket Entry No. 150), is granted in part and denied in part. The motion to dismiss, (Docket Entry No. 153), is granted in part, to require repleading as stated, without prejudice. The fifth amended complaint must be filed by September 29, 2017.

SIGNED on September 22, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge